Opinión disidente emitida por la
Jueza Asociada Señora Fiol Matta.
Disiento de la conclusión a la que llega la mayoría de este Tribunal porque entiendo que nuestra jurisprudencia claramente ha establecido que la aplicación interjurisdiccional de la doctrina de cosa juzgada a una sentencia emitida en los méritos por el foro federal, no es automática ni absoluta. Por esto, se han creado excepciones que posibilitan el que en ocasiones se pueda descartar la finalidad de una sentencia. Específicamente, se puede eximir a una parte de los efectos de la figura jurídica de cosa juzgada cuando su aplicación puede causar una injusticia o se afecta un interés público.(1)
Sin duda, el propósito de la doctrina de cosa juzgada es importante porque permite darle finalidad, efectividad y certidumbre a las determinaciones emitidas por el foro judicial. No obstante, este interés procesal no puede estar por encima de un derecho de índole constitucional, como lo es el no ser discriminado por razón de sexo.(2) Tan substancial es esta prohibición de discriminación por sexo que nuestra Asamblea Legislativa la ha hecho extensiva al ámbito obrero patronal, mediante abundante legislación dirigida a erradicar este tipo de discrimen.
La determinación que hoy emite este tribunal pretende establecer que la aplicación inteijurisdiccional de la doctrina de cosa juzgada es de mayor trascendencia que la prohibición de discriminar por razón de sexo, el cual es un interés y fin público de la más alta jerarquía. Difiero total *58 mente de tal apreciación, mucho más cuando previamente optamos por no aplicar la figura de cosa juzgada en un caso en el cual lo que estaba en entredicho era la imagen de la judicatura. En esa ocasión, específicamente resolvimos que
... el interés público en mantener nuestro sistema de justicia libre de cualquier apariencia de parcialidad, aunque ésta sea infundada, sobrepasa el interés de mantener la finalidad y eficacia de las sentencias de otras jurisdicciones, sobre todo cuando consideramos que la sentencia dictada en el presente caso fue una de desestimación por inacción y no una emitida después de un juicio plenario ....(3)
Si el interés público en mantener la apariencia de imparcialidad de la Judicatura posibilitó el que se activara la excepción a la norma jurídica de cosa juzgada, con más justificación debe aplicarse ésta ante un interés de orden constitucional, como lo es el derecho a la dignidad e igualdad humana. Al no procederse de esta manera, considero que el Tribunal de Apelaciones actuó correctamente al resolver que no debía desestimarse la demanda bajo la doctrina de cosa juzgada.

 Ramos González v. Félix Medina, 121 D.P.R. 312, 340 (1988).

 Art. II, Const. E.L.A., L.P.R.A., Tomo 1.

 Ramos González v. Félix Medina, supra, págs. 341-342.